## Margaret M. McCarthy, Appellant, v. James J. Jennings et al., Appellees.

### Gen. No. 28,569.

1. DOWER—*sufficiency of bill to establish inchoate right of dower in equitable estate.* Where complainant's bill of complaint charged in effect that her husband's father had made a will leaving certain real estate to her husband; that before the father's death her husband and one Jennings, combining and confederating to defraud and defeat her as to her dower rights in such property, procured her husband's father to convey it by warranty deed to Jennings; that such deed, though absolute in form, was without consideration; that it was never intended to vest a beneficial interest in Jennings but rather in complainant's husband; that Jennings never entered into possession of nor exercised any acts of ownership over it; and that those to whom he conveyed title took it with full knowledge of all the facts for the purpose of assisting in putting the beneficial interest in her husband while keeping the legal title in others so as to defeat complainant's marital rights so far as that property was concerned, it was shown by the bill that an equitable estate of inheritance was vested in the husband in which complainant was entitled to dower and the sustaining of a demurrer to the bill and its dismissal for want of equity was error.

2. DOWER—*materiality of allegations in bill to establish inchoate right of dower in equitable estate.* In a suit by a wife to establish her rights of dower in real estate devised to her husband in his father's will but alleged to have been conveyed to another before his death in pursuance of a scheme on the part of the husband and the third party to defeat complainant's marital rights therein, the fact that the husband, as executor of his father's estate, accounted in probate court for proceeds of the sale of one of the pieces of property which he referred to in the inventory as having been held in trust by the party to whom it

was conveyed by the father was not material on the issues presented by a demurrer to the bill.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. Hugo M. Friend, Judge, presiding.     Heard in the third division of this court for the first district at the March term, 1923.     Reversed and cause remanded.     Opinion filed June 11, 1924.

McMahon & Graber, for appellant.

Ryan, Condon & Livingston, for appellees; Walter E. Beebe and David J. Greenberg, of counsel.

Mr. Justice Thomson delivered the opinion of the court.

By this appeal, the complainant, Margaret M. McCarthy, seeks to reverse a decree of the Circuit Court of Cook County, sustaining a demurrer interposed by the defendants to her amended and supplemental bill of complaint, and dismissing her suit for want of equity.

The complainant was the wife of the defendant William J. McCarthy. The latter was the executor of the estate of his father, Dennis McCarthy. The amended and supplemental bill of complaint sets forth that the complainant had previously been compelled to separate from her husband, by reason of his treatment of her, and that a separate maintenance proceeding had been begun by her and was pending at the time the suit at bar was instituted, but that a decree had been entered in that case after that time. It is further alleged by the complainant, in her amended and supplemental bill, that the father of her husband, Dennis McCarthy, had been for some years seized in fee simple of two pieces of real estate situated in Cook county, Illinois, and to which we shall refer as the Comiskey property and the McLaughlin property. She further alleges that prior to the time she instituted her separate maintenance suit, above referred to, Dennis McCarthy had executed his last

will and testament, in and by which he devised all his real estate to his son, William J. McCarthy, the husband of the complainant; that the said Dennis McCarthy was a·man of wealth and that he died leaving more than enough personalty to pay all his debts. Complainant further alleges that in February, 1920, Dennis McCarthy became seriously ill; that complainant's separate maintenance proceeding against her husband was then pending; that Dennis McCarthy was then and there seized of the title in fee simple to the two pieces of property above referred to; that the will of Dennis McCarthy, to which reference has been made, was then in existence and so continued until his death; "that said William J. McCarthy was then and there hostile and antagonistic to your oratrix as aforesaid, and that said William J. McCarthy, by false representations as to his own innocence and by false statements as to the motives of your oratrix in their marital difficulties and separation suit, embittered said Dennis McCarthy against your oratrix and caused him to become hostile to her."

The complainant alleges further that at the time last referred to, her husband, William J. McCarthy, combining and confederating with the defendant, ·James J. Jennings, to defraud and defeat her of "her marital rights in and to said real estate and scheming to vest the ownership of said real estate in said William J. McCarthy free and clear of the marital rights of your oratrix," procured the said Dennis McCarthy, who was then seriously ill, and about to die, to convey said pieces of property to Jennings and that in consequence of said advice and for the purpose of defrauding complainant of her marital rights, Dennis McCarthy did then and there convey said pieces of property to Jennings, by warranty deed, which said deed was absolute in its terms, conveying the title to the pieces of property in fee simple. Complainant further alleges that no consideration passed from Jennings to McCarthy for this conveyance;

McCarthy v. Jennings, 233 Ill. App. 310.

"that said warranty deed was not intended to convey beneficial title to said premises," to Jennings, but it was intended by the parties referred to, as a means of "defrauding your oratrix of her marital rights in the said premises," and that said deed was executed to enable William J. McCarthy to deal with the property after the death of his father, and to sell, incumber and exercise ownership over said property without complainant's consent, and free and clear of her marital rights; that the deed vested no beneficial interest in the premises in Jennings but that the latter was "a mere holder and repository of the legal title to said premises for the use and benefit of said William J. McCarthy;" that Jennings never at any time after the execution of the deed entered into possession of either of the pieces of property referred to, or collected the rents or profits therefrom, and that he never exercised any acts of ownership or dominion over either of said pieces of property.

Complainant further alleges that Dennis McCarthy subsequently died leaving his last will and testament as above set forth; that said will was duly probated and that her husband received the larger portion of the personal property left by his father, and all of the real property which he owned at the time of his death. She further alleges that "ever since the date of the death of said Dennis McCarthy and continuously up to the present time she has had an inchoate right of dower in all of the real estate hereinbefore described and that she has not at any time waived, released or signed away said inchoate right of dower;" that as soon as she learned of the conveyance of the said property, by Dennis McCarthy to Jennings, she executed and caused to be filed in the Recorder's office of Cook county an affidavit in which she set out her marital rights in and to said property.

It is further alleged by the complainant in her bill that in furtherance of the scheme to deprive her of

her marital rights aforesaid, Jennings afterwards, at the request of William J. McCarthy, conveyed the property, hereinabove referred to as the Comiskey property, by warranty deed, to the defendants, J. Louis Comiskey and Grace Comiskey, his wife, in fee simple, and that the latter had full knowledge and notice of complainant's marital rights in and to said property and had actual knowledge that the property had been conveyed to Jennings by Dennis McCarthy and that said conveyance vested no beneficial interest in said premises in Jennings and that the latter held the legal title to the premises for the sole and exclusive use of her husband, William J. McCarthy, for the purpose of defrauding complainant of her marital rights, as previously set forth.

Complainant further alleges that subsequently her husband, as executor of his father's estate, filed his inventory in the probate court and therein reported the receipt of $28,571.10, from J. Louis Comiskey, for the sale of the Comiskey property, which property the inventory stated to have been "held in trust by James J. Jennings," and was stated to have been sold after the death of Dennis McCarthy.

Complainant alleges further that Jennings executed a warranty deed conveying to William J. McCarthy, her husband, and Agnes G. McLaughlin, each an undivided one-half interest as tenants in common, of the McLaughlin property; that no consideration was received by Jennings on account of the execution of this deed; that later, her husband, as executor of his father's estate, executed a deed conveying to Agnes G. McLaughlin an undivided one-half interest in the McLaughlin property, which deed was executed pursuant to a decree "entered in the matter of the estate of Dennis McCarthy, deceased * * * in the Probate Court of Cook County"; that complainant had no notice of these proceedings and was not a party to them; that no consideration passed from Agnes G. McLaughlin to William J. McCarthy, as executor of

his father's estate, on account of the deed referred to. It is further alleged by the complainant that subsequently Agnes G. McLaughlin filed a bill making William J. McCarthy a party defendant, in which she prayed, among other things, for the partition of the McLaughlin property between herself and William J. McCarthy and for a sale of said premises, in the event that division could not be made without prejudice to the parties; that complainant was not made a party to said proceedings and did not appear therein; that a decree of partition was entered in said cause and a deed executed and delivered, by a master in chancery, conveying said premises to Agnes G. McLaughlin, for which conveyance she paid no consideration. It was alleged that the deeds which had been executed, conveying the two pieces of property involved, were executed and the legal proceedings referred to were instituted, all as a part of the scheme of the defendants, William J. McCarthy and Jennings, combining with the defendant, Agnes G. McLaughlin and others, "to defraud your oratrix of her rights in and to said premises," of which rights the parties all had notice; that it was known to the parties that Jennings had no beneficial interest in the two pieces of property referred to but that he held the legal title for the sole and exclusive use of William J. McCarthy for the purpose of defrauding the complainant of her marital rights in the property and that the McLaughlins hold the title to the McLaughlin property as trustees for the use and benefit of the defendant, William J. McCarthy, and as a part of the scheme to defraud complainant of her marital rights in the property.

By her amended and supplemental bill the complainant prayed that her marital rights in both pieces of property referred to "may be declared and confirmed; that the various deeds hereinbefore set forth from Dennis McCarthy to James J. Jennings, from said James J. Jennings to J. Louis Comiskey and Grace

Comiskey, from said James J. Jennings to Agnes G. McLaughlin * * * may be declared null and void and of no effect in so far as the same effect the inchoate right of dower and the marital rights of your oratrix in and to the said real estate" and that the interest of Agnes G. McLaughlin to the McLaughlin property "may be declared subordinate and subject to the inchoate right of dower of your oratrix in said premises."

Complainant concedes that, as a general proposition, Dennis McCarthy had the power and right to convey or incumber his property in any manner he saw fit. But it is urged that the important thing to consider is not what he could do or had the right to do but what he did do. Complainant claims an inchoate right of dower in the real estate conveyed by Dennis McCarthy to Jennings. It is conceded that in order to give complainant such a right in the property, the conveyance to Jennings must have operated to vest in William J. McCarthy an equitable estate of inheritance in it.

We are of the opinion, after giving careful thought to the issues presented on the pleadings in the record, that on all the facts alleged by the complainant in her bill of complaint, her husband, the defendant, William J. McCarthy, was vested with an equitable estate of inheritance in both pieces of property involved, which were conveyed to Jennings. In substance, the complainant charges that her husband, William J. McCarthy, combined and confederated with Jennings to defraud and defeat her as to her right of dower in this property and that, in an effort to put the real ownership in her husband, free of her marital rights therein, they procured her husband's father, Dennis McCarthy, to convey the property, by warranty deed, to Jennings; that this deed was absolute in form but no consideration was given for it by Jennings; that it was never the intention of any of the parties named to vest a beneficial interest in the property in

Jennings, but rather in the complainant's husband, William J. McCarthy; that Jennings never entered into possession of the property nor exercised any acts of ownership over it, and that those to whom he conveyed the title took it with full knowledge of all these facts and for the purpose of assisting in the furtherance of the plan to put the beneficial interest and title to the property in William J. McCarthy but to keep the legal title in others, so as thus to defeat the complainant's marital rights so far as this property was concerned.

It seems clear that if William J. McCarthy had died with the title to this property in Jennings, or in his grantees, and William J. McCarthy's heirs could prove the facts as to the title, to be as alleged by the complainant in her bill of complaint, a court of equity would decree the title to the property to be in the heirs. Of course, in such an event his widow would be entitled to her dower in the property, and that being the case she would have an inchoate right of dower in the property during the lifetime of her husband. As was said in *Mills v. VanVoorhies,* 20 N. Y. 412. "The inchoate rights of the wife are as much entitled to protection as the vested rights of the widow." It likewise seems clear that on such a situation as is made out by the facts alleged by the complainant in her bill of complaint, William J. McCarthy could have invoked the aid of equity, had he chosen to do so, to prevent any alienation of the title to this property by Jennings which would have jeopardized his interest in the property. In our opinion, both pieces of property are in the same situation. Under the facts alleged in the bill, Jennings' grantees took the title with notice of the complainant's alleged claim to an inchoate right of dower.

In *Atkin v. Merrell,* 39 Ill. 62, 75, the widow of Merrell filed her bill to establish her dower right in certain property in which she alleged her husband was seized of an equitable estate of inheritance during

coverture. As in the case at bar, that case involved property, the legal title to which had never been in Merrell, but was in another, but clearly the beneficial interest in the property was in him. Merrell had entered into an exchange of property with one Atkin, Merrell trading a mill property to Atkin in exchange for a farm known as the Atkin farm. Later, Merrell entered into a deal for the exchange of the Atkin farm to one Davenport. It seems that at the time of the transaction, which took place between Merrell and Atkin, there was a $700 incumbrance on the Atkin farm and, pending the removal of that incumbrance by Atkin, the latter had not conveyed the farm to Merrell at the time the latter entered into his deal with Davenport. On the latter occasion it was agreed between the three parties that Davenport was not to deed his property to Merrell until Atkin had removed the incumbrance from his farm. In the bill which she filed, Mrs. Merrell charged that Davenport, although satisfied that Merrell was the real owner of the Atkin property, preferred to make his agreement with Merrell to the effect that he would deed his (Davenport's) property to Atkin, who still retained the legal title to the Atkin farm, rather than to Merrell, it being understood between the three parties that Merrell would be entitled in his own right to the conveyance of the Davenport property as soon as the incumbrance had been removed by Atkin from the Atkin farm, and that, when that was done, the deed for that farm should be made direct to Davenport. It was alleged that Atkin thus had the legal title to the Atkin farm and had apparent right to the deed for the Davenport property, although the real title in equity, as to both the Atkin farm and the Davenport property, was in Merrell. It was further alleged that, this being the situation, Davenport gave possession of his property to Merrell as the real owner of it. In her bill, complainant alleged that, so far as his rights to a legal conveyance of the Davenport property to him were con-

cerned, Atkin was, in equity, a mere trustee for Merrell and that he also retained the legal title in the Atkin farm until the incumbrance was removed.   It was further alleged that, after the death of Merrell, Atkin paid off the incumbrance on his farm and conveyed the farm to Davenport and obtained from the latter a conveyance of the title to the Davenport property, and this conduct on the part of Atkin was alleged to be in fraud, of the rights of the complainant, as the widow of Merrell, as well as the rights of his heirs. The court held that it was manifest, from the facts, that although Davenport conveyed his property to Atkin it really belonged to Merrell; that the latter could have compelled a conveyance of the property in a bill of equity against Atkin had the latter refused to convey on a proper demand; that Merrell had been seized of an equitable estate in fee, in the Davenport property, such as on his death would descend to his heirs, and that therefore his widow had a dower right in the property which could only be defeated by her voluntary act.   In the course of its opinion in that case and in commenting on the facts involved, the court said that the husband, by procuring the holder of the legal title to convey the property to another, could not defeat the widow in her right of dower. While the issues presented in the case cited involved the question of dower in the widow and the issues presented in the case at bar involve the question of the inchoate right of dower in a wife, we deem the holding in that case to be ample and pertinent authority for holding, as we do in the case at bar, that under the facts alleged by the complainant in her bill of complaint, her husband, William J. McCarthy, had an equitable estate of inheritance in both pieces of property described in her bill and that she therefore had an inchoate right of dower in these pieces of property and that nothing has occurred, so far as the bill discloses, to devest her of that right.

We do not deem it material that the bill alleges that

after the conveyances of the property there described, the defendant, William J. McCarthy, as executor of his father's estate, accounted in the probate court for certain proceeds of the sale of one of these pieces of property, which he referred to in the inventory filed in the probate court as having been "held in trust by James J. Jennings." Those alleged facts may or may not have some evidentiary value on the hearing of the issues, as ultimately made up by the pleadings in this case, but we do not consider them material on the issues presented by the demurrer to the bill.

For the reasons stated we are of the opinion that the complainant's amended and supplemental bill was not subject to the demurrer interposed by the defendants, and that the trial court erred in sustaining the demurrer and dismissing the amended and supplemental bill for want of equity. The decree of the court appealed from is, therefore, reversed and the cause is remanded to the Circuit Court of Cook County.

*Decree reversed and cause remanded.*

TAYLOR, P. J., and O'CONNOR, J. concur.